## OTIS ELEVATOR CO. v. PACIFIC FINANCE CORPORATION et al.

### No. 6996.

Circuit Court of Appeals, Ninth Circuit.
June 15, 1934.

For former opinion, see 68 F.(2d) 664, which reversed (D. C.) 56 F.(2d) 85.

Wallace R. Lane, of Chicago, Ill., William H. Hunt, of San Francisco, Cal., Edwin W. Sims and Clarence J. Loftus, both of Chicago, Ill., and Raymond I. Blakeslee, of Los Angeles, Cal., for appellant.

Frederick S. Lyon, Leonard S. Lyon, and Richard F. Lyon, all of Los Angeles, Cal., for appellees.

Before WILBUR, SAWTELLE, and MACK, Circuit Judges.

MACK, Circuit Judge.

Plaintiff's petition for rehearing indicates the desirability of some amplification of the view heretofore expressed that the master in effect held Claim 37 invalid because it was functional. See (C. C. A.) 68 F.(2d) 664.

Claim 37 purports to be a claim for "a control system for an elevator car." The results to be accomplished by this system are thus stated in the claim: "The stopping of the car at the respective landings upon its approaching said landings in the up direction," "the stopping of the car at the respective landings upon its approaching said landings in the down direction," and "the starting of the car from each and every landing in either direction." The means explicitly described for accomplishing these results are a plurality of up and down switches within and also without the car for stopping the car on its approaching the landings, and switching mechanism within the car for starting from each landing. Conspicuously lacking from this description of means is any reference to the circuits and circuit closing means described in the specifications. The master held that the circuits and circuit closing means so described could not be read into the claim by reference to the specifications, because they were "not included in the claim in any way, even in general terms, such as the 'means' or 'mechanism' found in the other claims." As some kind of circuit closing means is essential to the operation, the omission in this claim of the specific means implies that any circuit or arrangement of circuits operable in connection with the described switches and switching mechanism may be used to accomplish the desired results. We are not now concerned as to whether the master was right or wrong in not reading into this claim the circuits and circuit closing means of the specifications; accepting his views, the claim by coupling the functional description with an incomplete structural description, is broader than it would have been if those specified circuits and circuit closing means had been expressly stated as elements of the combination claimed.

The master held Claim 37 invalid for insufficiency of description under Rev. St. § 4888 (35 USCA § 33). This does not of itself preclude the interpretation that in effect he was holding Claim 37 invalid as functional. Although it is true, as petitioner suggests, that a function is not patentable because it is not within the patentable subject-matter defined in Rev. St. § 4886 (35 USCA § 31), it is also true that a patent claim may be in-

valid for insufficiency of description under section 4888, because it describes the invention in terms of function or result without sufficient description of the means devised to accomplish that function or result. See Holland Furniture Co. v. Perkins Glue Co., 277 U. S. 245, 257, 48 S. Ct. 474, 72 L. Ed. 868 (1928); O'Reilly v. Morse, 15 How. 62, 117, 119, 14 L. Ed. 601 (1853); cf. The Incandescent Lamp Patent, 159 U. S. 465, 16 S. Ct. 75, 40 L. Ed. 221 (1895). The complete functional description of the invention contained in Claim 37, which we have elaborated above, was noted by the master in his discussion of the claim; this description, he correctly said, was not in itself objectionable. But the insufficiency of description, the master explicitly said, lay in the omission of the circuits and circuit closing means, the arrangement and interrelation of which he had found, in discussing Claim 3, constituted the novelty of the Parker disclosure. Thus the master found, in effect, that Claim 37 was invalid because it attempted to secure a monopoly of the results to be attained through the patentee's invention without limiting the monopoly to the particular means invented for the accomplishment of those results. Cf. Davis Sewing Mach. Co. v. New Departure Mfg. Co., 217 F. 775, 782 (C. C. A. 6, 1914).

Petitioner seems to place the same interpretation upon Claim 37 which we have above stated. It contends that Claim 37 was valid as a claim for a subcombination comprising the electric switches and switching mechanism described, operable in connection with the circuit and circuit closing means shown in the specifications. This contention, in the light of the well-settled law exemplified in the very cases upon which petitioner relies (see Deering v. Winona Harvester Works, 155 U. S. 286, 302, 15 S. Ct. 118, 39 L. Ed. 153 [1894]; Roberts v. H. P. Nail Co., 53 F. 916, 921 [C. C. Ohio, 1892]; Thomson-Houston Electric Co. v. Black River Traction Co., 135 F. 759, 763 [C. C. A. 2, 1905]), must mean that the claim would also protect the same subcombination if used for the purposes described in the claim in connection with any operable circuit or arrangement of circuits, whether disclosed in the Parker patent, known to the prior art or subsequently invented. Petitioner contends, it is true, that the "operable" clauses import into the claim the circuits shown in the specifications. But if Claim 37 is to be regarded as a claim for a subcombination and not as a claim for the whole invention, this last contention must mean that the circuits and circuit closing means are imported into the claim only for the purpose of showing that the subcombination is in fact operable, and not for the purpose of limiting the claim to that particular arrangement of circuits.

■ The main burden of petitioner's contention seems to be, however, that the master did not interpret Claim 37 as we have interpreted it and did not appreciate that the claim was for a subcombination. Upon the phrase in the master's report that "this description of the result without reference to structure cannot be read on the structure with sufficient accuracy to define the claim," it builds the argument that the master regarded the claim as merely indefinite and therefore a "nullity." This argument ignores the fact that other reissue claims in suit were attacked on the ground that they were functional, and that the master, rightly conceiving it to be his duty to interpret the claims so as to hold them valid if possible, saved the others by reading into them the circuits shown in the specifications. To Claim 37, because of a difference in wording, he felt compelled to give a different interpretation. Had the master found that the claim purported to include circuits as elements in the combination, but was so ambiguously worded as not to indicate whether all or part of the arrangement of circuits was so included, there might be some merit to petitioner's contention. The master held, however, that the circuits and circuit closing means were in no way included in the claim; thus the only indefiniteness in the claim itself to which the master could have referred is the failure to particularize the circuits to be used in connection with the means described, coupled with the implication of any operable circuit or arrangement of circuits. We cannot agree with petitioner's argument that, in the master's view, the indefiniteness of this claim was analogous to that of a deed intended to cover a definite rectangular piece of land, the description of which, however, omits one of the four sides and thus leaves the extent of the grant completely indefinite. The kind of indefiniteness, which in our judgment the master had in mind, broadened rather than obscured the scope of the claim, because despite the failure expressly to include the circuits, the ambit of the monopoly sought was completely bounded by the description of the results to be accomplished, with the additional limitation to the particular means—the switches and switching mechanism—described in the claim.

■ Petitioner also seems to suggest that the master's holding of invalidity was based on the ground that the control system as de-

scribed in Claim 37 was inoperable by itself, because it did not include any circuits operable in connection with the electric switches and switching mechanism to produce the results described. The difficulty with this contention is that it requires us to assume either that the master deliberately put an absurd interpretation upon the claim or that he was ignorant of the principle that the combination as claimed need not be operable without some additional mechanism, if it be in fact operable in connection with other mechanism described in the patent or known to the prior art. The latter alternative is unacceptable because the Parker combination, including the circuits, was operable only in connection with other mechanism and yet the failure to include such mechanism in the claims was not considered to result in insufficiency of description. Even if we assume, with petitioner, that the master's original "mistake lay in not recognizing the claim as one for a subcombination," we cannot assume that he persisted in that mistake after it was specifically pointed out to him. When the master submitted his draft report to counsel for criticism and suggestions, counsel urged upon him, as they now urge upon us, that Claim 37 was a valid claim for a subcombination, comprising the switches and switching mechanism and operable in connection with the arrangement of circuits shown in the specifications. With this interpretation of the claim directly before him, the master said that he found no reason to change his report regarding Claim 37. Why the master rejected the argument that this was a valid subcombination does not appear; whether he did so rightly or wrongly does not concern us. For our purposes it is important to note only that the master, despite the argument for an interpretation of Claim 37 which would protect the combination described, whether operated in connection with the arrangement of circuits disclosed in the patent or with some other arrangement of circuits, remained content with his previous holding of invalidity under Rev. St. § 4888. Thus he made explicit what had been implicit in his finding of insufficiency of description, that the claim, if interpreted to include any operable circuit or arrangement of circuits, was invalid for failure to confine itself to the particular arrangement of circuits which Parker had invented.

As to petitioner's present contentions that the claim cannot be considered functional because the electric switches and switching mechanism themselves constitute a valid subcombination and because the "operable clauses" of the claim import into it the circuits and circuit closing means shown in the specifications, clearly, we cannot now consider the validity of the claim upon its merits. This subcombination argument is but a repetition of that which was unsuccessfully urged upon the master in opposition to his finding that the claim was invalid under section 4888; petitioner, by its failure to except to the master's finding or to raise any questions thereon in brief or on argument in the District Court, as well as by its subsequent disclaimer, is foreclosed from repeating the same contentions here. Similarly we cannot consider the argument that established canons of interpretation require that the circuits and circuit closing means shown in the specifications should be implied in the claim. For our purposes, it suffices that the master concluded otherwise. We must now read the claim as the master read it, without the circuit and circuit closing means which he found fatally lacking.

Petitioner also contends that neither the disclaimer statutes nor the decisions under it require that the patentee file a disclaimer solely on the basis of a master's report in a situation like the present one where so many uncertainties exist and where there is so much controversy concerning the proper interpretation of the master's report and the necessity of disclaimer. Whether or not the master's report on Claim 37 is correctly stated as holding that the claim was invalid on the ground that it covers only a function is for the purposes of this case an academic question; the real question is whether or not he held that the claim was too broad. In our judgment, the master's report so clearly indicated that what he deemed the insufficiency of description to which he objected unduly broadened the scope of the claim, that petitioner should thereby have been apprised of its duty to disclaim.

Rehearing denied.